IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY BYERS,**

        **Petitioner,**

v.                                        Civil Action No. 1:12cv40
                                             (Judge Keeley)

**WARDEN TERRY O'BRIEN,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Background

On March 7, 2012, the *pro se* petitioner, Timothy Byers, an inmate at USP Hazelton, filed a Habeas Corpus petition form pursuant to 28 U.S.C. § 2241. (Doc. 1). The petitioner alleges that he was punished and his good time credit was revoked without adequate due process following a prison disciplinary proceeding.

On March 13, 2012, the undersigned granted the petitioner's motion requesting *in forma pauperis* status; however, the undersigned ordered the petitioner to pay the requisite five dollar filing fee. (Doc. 6) The petitioner paid the filing fee on March 26, 2012. Then, on March 27, 2012, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. (Doc. 9).

On April 23, 2012, the respondent filed a Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause and a supporting Memorandum of Law with several attached

1

exhibits. (Docs. 14, 15). On April 26, 2012, the court issued a *Roseboro* notice; however, as of this date, the petitioner has not responded. (Doc. 16).

## II. Facts

The petitioner has been a federal inmate at USP Hazelton since September 19, 2011. *See* Littlejohn Decl. Prior to being incarcerated at Hazelton, he was designated to the Federal Correction Center in Petersburg, Virginia from February 10, 2009, to September 1, 2011. *Id.* The petitioner is serving a one hundred seventy (170) month sentence for Bank Robbery in violation of 18 U.S.C. § 2113(a). *Id.* He is projected for release on June 7, 2017 via Good Conduct Time release. *Id.*

On June 8, 2011, Petitioner received an incident report for violating the Bureau of Prison's [BOP] Discipline Code 113, Possession of any narcotics, marijuana, drug, or related paraphernalia not prescribed by the medical staff. *Id.* This report stemmed from a search of the petitioner's cell which produced heroin hidden inside a compartment in a soda can. *Id.* In addition to the incident report, the petitioner received copies of the Inmate Rights at Discipline Hearing form and his Notice of Disciplinary Hearing. *Id.* The hearing notice stated the charge he faced and indicated that his hearing would be held during the "next docket." *Id.*

On June 17, 2011, the Disciplinary Hearing Officer [DHO] found the Petitioner guilty of violating BOP Discipline Code 113. The DHO sanctioned Petitioner with (1) sixty days disciplinary segregation, (2) disallowance of forty days Good Conduct Time, (3) disallowance of sixty days of non-vested Good Conduct Time, (4) loss of Unicor Job for five years, (5) six months loss of visitation followed by six months loss of visitation by anyone other than a family member. *Id.*

On August 8, 2011, the petitioner filed an appeal of the DHO's decision to the regional level of the BOP's administrative remedy process. *Id.* This appeal was denied on January 23, 2012. *Id.*

Based on the regional office's review of the case, the DHO report was amended to correct administrative and topographical errors and to remove the loss of Unicor job sanction, because this sanction was not allowed for his violation. *Id.* Following these changes, the petitioner received an amended copy of the DHO report on February 15, 2012. *Id.* At this point, the petitioner has not appealed the regional office's denial of his request for administrative remedy.

### III. Contentions of Parties

#### A. The Petition

In the § 2241 petition, Petitioner asserts that the court should restore his 40 days good conduct time, 60 days of non-vested good conduct time, six months of lost visitation, and five years loss of Unicor job. Further, the petitioner requests that the report be expunged and dismissed. The petitioner maintains that he was denied procedural due process during his disciplinary hearing due to a lack of evidence demonstrating his possession of the heroin.

#### B. The Response

The Government argues that the petition should be dismissed because the petitioner has failed to exhaust his administrative remedies. In addition, the Government contends that the petitioner was afforded all requisite due process rights throughout the disciplinary process, and it maintains that the DHO relied upon adequate evidence when finding the petitioner guilty of the prison violation.

### IV. Standards of Review

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46.  In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley,* 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir.2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States,* 289 F.3d 279, 281 (4th Cir.2002)).  In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal,* where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. *See Blackledge v. Allison,* 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. *Maynard v. Dixon,* 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.,* 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. *Anderson,* 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most

5

favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 1986).

## V. Analysis

**A.  Petitioner has not exhausted his administrative remedies; however, the undersigned will address the merits of the case.**

In response to the petition, the respondent argues that the petitioner has not exhausted his administrative remedies, and this allows for the dismissal of the petitioner's claim. In the Fourth Circuit, the administrative remedy process must be exhausted before an inmate may bring a civil action in federal court. *See United States v. Gaylor,* 828 F.2d 253 (4th Cir. 1987); *see also*, *Crosson v. State of South Carolina,* 16 F.3d 409 (4th Cir. 1994) (dismissing inmate's claim without prejudice for failure to exhaust administrative remedy process) (*citing Brown v. Smith,* 828 F.2d 1493, 1495 (10th Cir. 1987). Furthermore, the Fourth Circuit has indicated that an inmate can only bring a § 2241 petition in federal court if he or she has exhausted the administrative remedy process. *See United States v. Ramirez,* 835 F.2d 875 (4th Cir. 1987). The exhaustion requirement will only be relaxed if the defendant can show cause or prejudice. *See Carmona v. Bureau of Prisons,* 243 F.3d 629 (2d Cir. 2001).

Exhaustion is encouraged as it provides potential solutions to the inmate, allows some disputes to be settled outside of the courts, and it allows for fact-finding to occur before these matters reach he courts. The Supreme Court has favored a policy that supports administrative autonomy. *See McKart v. United States,* 395 U.S. 185 (1969).

Following a DHO decision, an inmate may appeal the decision to the Regional Office Level directly and then to the Central Office Level. 28 C.F.R. § 542.14(d)(4). If a claim is rejected, then

6

it is returned to the inmate with a notice explaining the reason for rejection. 28 C.F.R. §542.17(a).

In the instant case, the petitioner filed his Regional Administrative Remedy Appeal on August 8, 2011. This appeal resulted in the removal of the "loss of job" sanction. Despite this modification, the Regional Director refused to expunge the inmate's record. The petitioner has not filed an appeal to the Regional Director's denial to the Central Office. Therefore, the petitioner has failed to exhaust his administrative remedies for his incident report.

As exhaustion requirements in habeas corpus actions arising under § 2241 are merely judicially imposed, not statutorily required, the court will exercise its discretion and waive the exhaustion requirements in the petitioner's case. At this point, it would be a waste of judicial time and resources to dismiss the case for failure to exhaust available administrative remedies. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

**B.     Petitioner's Due Process Rights were not violated.**

The Supreme Court has identified due process requirements for inmate disciplinary actions: (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative assist him throughout the disciplinary process; (5) the decision-maker must be impartial. *Wolff v. McDonnell,* 418 U.S. 539, 564-571 (1974).

First, the petitioner was given written notice of the hearing on June 13, 2011, therefore, the petitioner was given adequate notice of the hearing as it was conducted on June 17, 2011. Second, the DHO provided the petitioner with a written report describing the evidence used in finding he violated the prison rule. Third, the petitioner declined to call witnesses or present evidence at the disciplinary hearing. Fourth, the petitioner waived his right to have a staff member assist him through the disciplinary process. Finally, the petitioner does not allege and no evidence shows that the decision-maker was partial. The BOP provided the petitioner with adequate procedural due process pursuant to *Wolf*. *See also McKinnon v. Caraway,* 2010 WL 3123264 at **3-4 (procedural due process requirements satisfied where inmate "received advanced written notice of the DHO hearing" and DHO "did not prepare the disciplinary report, investigate the infraction, or testify as a witness").

C. **The evidence used by the DHO was adequate to find the petitioner violated the prison rule because due process merely requires some evidence supporting the DHO's conclusion when revoking good time credit.**

"[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 455 (1985). The standard is satisfied if there is some evidence supporting the conclusion reached by the disciplinary board. *Id.*

In *Hill*, a prison disciplinary board determined that three inmates violated prison rules by assaulting another inmate. The prison disciplinary board's conclusion was supported by little evidence: a "guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted. The guard saw three other inmates fleeing together down an enclosed walkway. No other inmates were in the area." *Hill,* 472 U.S. at 456. Despite little evidence

supporting the conclusion, the Supreme Court held that the evidence was sufficient because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill,* 472 U.S. at 457.

In the instant case, the DHO explained that he relied upon (1) the reporting officer's statement, (2) supporting photographs showing the soda can with the hidden compartment and the substance found inside of the compartment, (3) the photograph demonstrating that the substance found inside of the compartment tested positive for heroin. Therefore, the DHO relied upon "some evidence" in concluding that the petitioner violated the prison rule and revoking the petitioner's good conduct time.

## VI. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss; Motion for Summary Judgment (Doc. 14) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**. Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: June 4, 2012

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE